UNITED STATES v. ARMSTRONG.

(District Court, S. D. California. January 25, 1894.)

1. OBSTRUCTING AND INFLUENCING JUSTICE—INDICTMENT.
   It is not sufficient to charge an endeavor to influence and obstruct justice in a federal court, by means of a threatening letter, in the general language of Rev. St. § 5404.

2. SAME.
   An averment that defendant procured the arrest "within this district" ·of his wife, who was living separate and apart from him, for the purpose of procuring from her "a dissolution of the bonds of matrimony existing between them, through such arrest," is insufficient, in that it fails to show that the arrest was under process issued out of a federal court.

At Law. Indictment of D. F. Armstrong for endeavoring to obstruct and influence the administration of justice. On demurrer to the indictment. Sustained.

George J. Denis, U. S. Atty.

Frank P. Flint, for defendant.

ROSS, District Judge. "In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words, of themselves, fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements

necessary to constitute the offense intended to be punished." U. S. v. Carll, 105 U. S. 612. The present indictment is based upon section 5404 of the Revised Statutes, which reads:

"Every person who, corruptly, or by threats or force, or by threatening letters, or any threatening communications, endeavors to influence, intimidate, or impede any grand or petit juror of any court of the United States in the discharge of his duty, or who corruptly, or by threats or force, or by threatening letters, or any threatening communications, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice therein, shall be punishable by a fine of not more than one thousand dollars, or by imprisonment not more than one year, or by both such fine and imprisonment."

The indictment contains two counts, the first of which charges that the defendant, at a certain time and place within this judicial district, did corruptly, and by threats and force, and by a certain threatening letter written by him to one Clara Armstrong, who was at the time his wife, but living separate and apart from him, endeavor to influence, obstruct, and impede the due administration of justice in the circuit court of the United States for the ninth circuit, southern district of California.

The second count charges that the defendant, at the same time and place, did corruptly, willfully, unlawfully, and feloniously endeavor to influence, obstruct, and impede the due administration of justice in the circuit court of the United States, ninth circuit, southern district of California, in the following manner, to wit:

"He, the said D. F. Armstrong, did procure the arrest within said district of one Clara Armstrong upon a complaint sworn to by him, the said D. F. Armstrong, against the said Clara Armstrong, she, the said Clara Armstrong, being then and there the wife of the said D. F. Armstrong, but was then and there living separate and apart from him, for the purpose and with the intent of procuring from the said Clara Armstrong a dissolution of the bonds of matrimony existing between them, through such complaint and arrest."

It is essential to the sufficiency of an indictment that the acts charged be, if proved, sufficient to support a conviction of the offense alleged. In neither count of the indictment is it alleged what proceeding in the circuit court of the United States for the ninth circuit, southern district of California, the defendant endeavored to influence, obstruct, or impede, nor, indeed, that there was any proceeding there pending to be influenced, obstructed, or impeded, nor that there was any proceeding pending there at all. The threatening letter that the defendant is by the first count charged with having written to his wife is not set out or so described as to be capable of identification, and the sole act charged by the second count against him is that he procured the arrest within this district of his wife, who was at the time living separate and apart from him, for the purpose and with the intent of procuring from her "a dissolution of the bonds of matrimony existing between them through such complaint and arrest." It by no means necessarily follows from the alleged fact that defendant procured the arrest of his wife within this judicial district that such arrest was made under process issued out of a court of the United States.

The object of the indictment is, as said by the supreme court in U. S. v. Cruikshank, 92 U. S. 542:

"First, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had."

The indictment in the present case does not answer either of these requirements.

Demurrer sustained.